UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re                                              :   Chapter 11
                                                   :
Refco Inc., *et al.*,                              :   Case No. 05-60006 (RDD)
                                                   :
                              Debtors.             :   (Jointly Administered)
                                                   :
-------------------------------------------------------- x
                                                   :
MICHELLE Y. COE                                    :
                                                   :
                              Appellant,           :
                                                   :   Dist. Case No. 07-cv-10708-RJS
v.                                                 :
                                                   :
REFCO INC., *et al.*,                              :
                                                   :
                              Appellees.           :
                                                   :

## BRIEF OF THE APPELLEES

**BINGHAM McCUTCHEN LLP**
Steven Wilamowsky (SW 9266)
Stephanie W. Mai (SM 0276)
399 Park Avenue
New York, New York 10022
(212) 705-7000

Counsel for RJM, LLC, the Plan Administrator
of Appellees Refco Inc., *et al.*

A/72503999.4

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

APPELLEES' STATEMENT OF THE ISSUE............................................................................. 2

STATEMENT OF THE CASE...................................................................................................... 2

    A.    Procedural Background.......................................................................................... 2

    B.    Factual Background ............................................................................................... 3

        1.    Coe's Claims and Addresses...................................................................... 3

        2.    Coe's Motion for Relief from the Automatic Stay .................................... 6

STANDARD OF REVIEW ........................................................................................................... 8

ARGUMENT................................................................................................................................. 9

    A.    The Bankruptcy Court Did Not Abuse Its Discretion In Denying the Reconsideration Motion Based On the Record Established ............................ 9

        1.    Coe fails to demonstrate clear error, manifest injustice or newly discovered evidence to qualify for relief under Civil Procedure Rule 59. ............................................................................................................ 9

        2.    Coe fails to demonstrate extraordinary circumstances or undue hardship to qualify for relief under Civil Procedure Rule 60. ................. 10

    B.    Coe's Challenge of Disallowance and Expungement of Her Claims and Denial of Her Lift Stay Motion Are Barred.............................. 11

CONCLUSION............................................................................................................................ 12

ADDENDUM ........................................................................................................................... A-1

# **TABLE OF AUTHORITIES**

### **Cases**

*Adiel v. Pharmacy Fund, Inc.*, No. 00 Civ. 6485, 2000 WL 1886596
  (S.D.N.Y. Dec. 28, 2000) ............................................................................................8, 10, 11

*Bogaerts v. PNL Asset Mgmt., L.P.* (*In re Litas Int'l, Inc.*), No. 04 Civ. 620,
  2004 WL 1488114 (S.D.N.Y. Jun. 30, 2004) ....................................................................9

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359
  (2d Cir. 1995)..................................................................................................................12

*Gey Assocs. Gen. P'ship v. 310 Assocs., L.P.*, No. 02 Civ. 0710, 2002 WL 31426344
  (S.D.N.Y. Oct. 29, 2002) ..................................................................................................8

*GRJH, Inc. v. McCarthy* (*In re CHAS, Inc.*), No. 1:07-CV-337, 2008 WL 305099
  (N.D.N.Y. Jan. 31, 2008) ................................................................................................11

*In re Critical Care Support Servs.*, 236 B.R. 137 (E.D.N.Y. 1999)...............................................10

*In re Spiegel, Inc.*, 354 B.R. 51 (Bankr. S.D.N.Y. 2006) ...............................................................10

*In re Teligent, Inc.*, 306 B.R. 752 (Bankr. S.D.N.Y. 2004) ............................................................10

*Katchen v. Landy*, 382 U.S. 323 (1966)........................................................................................11

*Key Mech. Inc. v. BDC 56 LLC*, No. 01 Civ. 10173, 2002 WL 467664
  (S.D.N.Y. Mar. 26, 2002), *aff'd*, 330 F.3d 111, 123 (2d Cir. 2003) ...............................8, 9

*Montco, Inc. v. Barr* (*In re Emergency Beacon Corp.*), 666 F.2d 754 (2d Cir. 1981) ..............8, 10

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cr. 1986)................................................................................8

*Paddington Partners v. Bouchard*, 34 F.3d 1132 (2d Cir.1994) ...................................................11

*Schwartz v. Aquatic Dev. Group, Inc.* (*In re Aquatic Dev. Group, Inc.*), 352 F.3d 671
  (2d Cir. 2003)....................................................................................................................9

*Twins Roller Corp. v. Roxy Roller Ring Joint Venture*, 70 B.R. 308 (S.D.N.Y. 1987).................11

**Statute**

28 U.S.C. § 1930(b) .............................................................................................................. 6, A-2

**Rules**

Fed. R. Civ. P. 59 .................................................................................................................. 1, A-1

Fed. R. Civ. P. 60 .................................................................................................................. 2, A-1

Fed. R. Bankr. P. 9023 .......................................................................................................... 1, A-1

Fed. R. Bankr. P. 9024 .......................................................................................................... 2, A-1

Rule 1.7(a) of the Local Rules of the United States District Court
for the Southern District of New York ................................................................................. 6, A-2

Rule 5078-1 of the Local Bankruptcy Rules for the
Southern District of New York ............................................................................................. 6, A-2

**PRELIMINARY STATEMENT**

This appeal arises from an August 10, 2007, 2007 order [Bankr. Doc. No. 5706] (the "August Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") denying the motion of Michelle Y. Coe ("Coe"), for reconsideration or amendment of the order [Bankr. Doc. No. 5634] entered by the Bankruptcy Court on July 31, 2007 (the "July Order") denying Coe's request to lift the automatic stay

On August 20, 2007, Coe filed a notice of appeal from the August Order. On or about March 12, 2008, approximately seven months after filing her appeal, Coe sent a letter to this Court requesting a conference regarding her appeal. On March 28, 2008, this Court entered an order setting the briefing schedule. On or about June 23, 2008, without notice to the Plan Administrator (as defined below), it appears Coe sent a second letter to this Court requesting a conference regarding her appeal. On July 17, 2008, this Court entered an order denying Coe's request for a conference and setting an amended briefing schedule.[1]

Accordingly, RJM, LLC, as the plan administrator (the "Plan Administrator") for the appellees, Refco Inc., and certain of its subsidiaries and affiliates (collectively, the "Debtors") under the Modified Joint Chapter 11 Plan of Refco, Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan"), respectfully submits this brief in respect of Coe's appeal. For ease of reference, the term "Plan Administrator" shall include all Appellees.

A bankruptcy court has discretion to determine whether to amend or alter a judgment under Rule 59(e) of the Federal Rules of Civil Procedure (the "Civil Procedure Rules"), made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Fed. R. Civ. P. 59; Fed. R. Bankr. P. 9023. Similarly, a bankruptcy court has discretion to determine whether to reconsider a judgment under Civil Procedure Rule 60, made applicable to bankruptcy proceedings by Bankruptcy Rule 9024.

---

[1] In accordance with the Court's March 28, 2008 order, "Coe Br." refers to the appellant brief filed by Coe on August 4, 2008 (D.C. Doc. No. 7).

Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

Coe's claims against the Debtors have long been disallowed and expunged by final, non-appealable orders of the Bankruptcy Court. Due to the fact that Coe no longer held any claim against the Debtors, the Bankruptcy Court denied Coe's motion to lift the automatic stay as moot, pursuant to the July Order. Coe filed a pleading with the Bankruptcy Court seeking amendment or reconsideration of the July Order. Pursuant to the August Order, the Bankruptcy Court denied Coe's motion for an amendment or reconsideration of the July Order on the grounds that the facts underlying the motion were based on allegations and evidence within Coe's control that were or could have been previously submitted by Coe to the Bankruptcy Court prior to entry of the July Order.

While Coe's appeal is necessarily limited only to the Bankruptcy Court's August Order denying Coe's motion to amend or reconsider the Bankruptcy Court's July Order (given that it is only the August Order that is under appeal), Coe attempts to use this appeal as a vehicle to challenge the disallowance of her underlying claims and denial of relief from the stay. Any such challenge is time-barred.

The Bankruptcy Court properly exercised its discretion in denying the Coe's motion for an amendment or reconsideration of its July Order, and its judgment is not clearly erroneous. The August Order should be affirmed in its entirety.

## APPELLEES' STATEMENT OF THE ISSUE

1. Whether the Bankruptcy Court clearly erred in denying Coe's motion for reconsideration or amendment of the Bankruptcy Court's order denying Coe's request for relief from the automatic stay as moot because Coe no longer held any claims against the Debtors' estates.

## STATEMENT OF THE CASE

**A.   Procedural Background**

On October 17, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On December 15, 2006, the Bankruptcy Court entered its order (the "Confirmation Order") confirming the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries [Bankr. Doc. No. 3971] (the "Plan"). [2]  In accordance with the terms of the Plan, the Plan became effective on December 26, 2006.  Pursuant to the Plan, Confirmation Order, and applicable agreements, the Plan Administrator was appointed to manage the wind-down of the reorganized Debtors.

B.   **Factual Background**

   1.   **Coe's Claims and Addresses**

Coe timely filed claim no. 10835 against Refco Inc. (July Order at 1), dated July 14, 2006, listing "458 Coventry Road, Davenport, Florida 33897" as the address to where notices should be sent.  Coe also filed claim no. 12512 (*id.*), dated July 17, 2006, again listing "458 Coventry Road, Davenport, Florida 33897" as the address to where notices should be sent (the "Davenport Address").[3]  On or about November 8, 2006, Coe filed what she styled as a "Motion to Convert Claim 10835 to an Administrative Claim and Request for Payment of Administrative Expenses" [Bankr. Doc. No. 3446] (the "Administrative Claim") (*id.* at 2), which listed Coe's address as "185 S.E. 14th Terrace Unit 608, Miami, Florida 33131" (the "First Miami Address").

On November 2, 2006, the Debtors filed their First Omnibus Objection Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to (I) Duplicate Claims and (II) Amended and Superseded Claims [Bankr. Doc. No. 3280] (the "First Omnibus Objection") seeking to expunge Coe's duplicate claim.  In connection with the First Omnibus Objection, on November 7, 2006, the Debtors filed an affidavit of service [Bankr. Doc. No. 3301]; showing that Coe was served a copy of the First Omnibus Objection both at the Davenport Address and the First Miami

---

[2]  "Bankr. Doc. No." refers to the docket number of the pleading, order, or other document filed with the Bankruptcy Court.

[3]  Coe acknowledges she had only one claim, although two proofs of claim were filed under different claim numbers.  Coe Br. at 3.

Address. (July Order at 4) Coe did not object to the First Omnibus Objection. (July Order at 2) The Bankruptcy Court entered an order granting the First Omnibus Objection on December 6, 2006 [Bankr. Doc. No. 3723] expunging Coe's claim no. 10835. (July Order at 2) Coe did not appeal the Bankruptcy Court's December 6, 2006 order expunging her claim no. 10835.

In connection with their Plan confirmation process, on November 3, 2006, the Debtors filed their Second Omnibus Objection Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to Reduce Disputed Litigation Claims for Voting Purposes (the "Second Omnibus Objection") seeking to reduce Coe's claim no. 10835 to zero for purposes of voting on the Plan. (Bankr. Doc. No. 3287) In connection with the Second Omnibus Objection, on November 7, the Debtors filed an affidavit of service showing that Coe was served a copy of the Second Omnibus Objection both at the Davenport Address and the First Miami Address. (Bankr. Doc. No. 3302) Coe filed an "Objection of Michelle Y. Coe to the Objection of Claim(s)" on or about November 22, 2006, which listed the First Miami Address. (Bankr. Doc. No. 3621)[4] Coe did not appear at the hearing on the Second Omnibus Objection and no arguments concerning her response to the Second Omnibus Objection were made at the hearing. On December 6, 2006, in addition to entering an order [Bankr. Doc. No. 3723] granting the First Omnibus Objection and expunging Coe's claim no. 10835 (July Order at 2), the Bankruptcy Court also entered an order [Bankr. Doc. No. 3726] (the "Voting Order") granting the Second Omnibus Objection and reducing Coe's claim no. 10835 to zero for purposes of voting on the Plan. Coe did not appeal the Voting Order.

On March 9, 2007, the Plan Administrator filed its Twelfth Omnibus Objection for Entry of an Order Disallowing Certain Claims, Reducing and Allowing Certain Claims, and Classifying Certain Claims [Bankr. Doc. No. 4593] (the "Twelfth Omnibus Objection") seeking to expunge Coe's claim no. 12512 as inconsistent with Debtors' books and records. (July Order at 2) In connection with the Twelfth Omnibus Objection, on March 16, 2007, the Plan

---

[4] Coe's objection was docketed on November 30, 2006, with a noted filing date of November 22, 2006.

Administrator filed an affidavit of service [Bankr. Doc. No. 4640] showing that Coe was served a copy of the Twelfth Omnibus Objection at both the Davenport Address and the First Miami Address. (July Order at 4) Coe did not object to the Twelfth Omnibus Objection. (July Order at 2) The Court entered an order [Bankr. Doc. No. 4937] granting the Twelfth Omnibus Objection on April 12, 2007 expunging Coe's claim no. 12512. (July Order at 2) Coe did not appeal the Bankruptcy Court's April 12, 2007 order expunging her claim no. 12512.

Also on March 9, 2007, the Plan Administrator filed its Omnibus Motion Objecting to Requests for Payment of Administrative Expense Claims seeking to expunge Coe's Administrative Claim (the "Administrative Claim Omnibus Objection"). (Bankr. Doc. No. 4594, July Order at 2) In connection with the Administrative Claim Omnibus Objection, the Plan Administrator filed an affidavit of service [Bankr. Doc. No. 4655] showing Coe was served a copy of the Administrative Claim Omnibus Objection at both the Davenport Address and First Miami Address. (July Order at 4) Coe did not object to the Administrative Claim Omnibus Objection. (July Order at 2) The Court entered an order [Bankr. Doc. No. 4938] granting the Administrative Claim Omnibus Objection on April 12, 2007 denying Coe's Administrative Claim. (July Order at 2) Coe did not appeal the Bankruptcy Court's April 12, 2007 order denying her Administrative Claim request.

On June 3, 2007, after all of Coe's claims already had been disallowed and expunged, Coe sent an email to the Clerk of the Bankruptcy Court with Coe's newest address at "10911 SW 224 Lane, Miami, Florida 33170" (the "Second Miami Address").[5] (Bankr. Doc. No. 5313; July

---

[5] In the June 3, 2007 email noting Coe's new Second Miami Address, Coe alleged that the "US Postal service opted to hold/return [Coe's] mail sent to [Coe's] domicile address of 9420 SW 147th Street, Miami, FL 33176 when [Coe] was not available to sign for a certified package while traveling." (Bankr. Doc. No. 5313) Coe had never previously provided this "domicile address" to any party and this address was never on record as the address to where notices should be sent to Coe. Accordingly, no pleadings were sent to this address. Further, the affidavits of service for the First Omnibus Objection, Second Omnibus Objection, Twelfth Omnibus Objection and Administrative Claim Omnibus Objection attests to service of the respective objections via "first-class mail, postage pre-paid" to Coe at the addresses listed therein. (Bankr. Doc. Nos. 3301, 3302, 4640, 4655)

Order at 2, 4) The Clerk's office filed the email on the docket [Bankr. Doc. No. 5313] as a notice of change of address. (July Order at 2)

### 2. Coe's Motion for Relief from the Automatic Stay

On or about December 12, 2006, Coe filed a "Motion for Relief from Automatic Stay" [Bankr. Doc. No. 4013] to pursue claims against the Debtors in Florida state court. (*See* Bankr. Doc. No. 5559; July Order at 1)[6] On February 6, 2007, the Bankruptcy Court's Clerk's Office filed a letter [Bankr. Doc. No. 4362] that it had sent to Coe requesting payment from Coe of the filing fee for Coe's Lift Stay Motion and noting that failure to pay the filing fee may be grounds for dismissal of the motion.[7] There is no entry on the Bankruptcy Court's docket showing receipt of payment by Coe of the required filing fee for the Lift Stay Motion. On or about June 19, 2007, Coe filed a "Request for a Decision on Claimant's Motion to Lift the Automatic Stay" [Bankr. Doc. No. 5490] (together with Bankr. Doc. No. 4013, the "Lift Stay Motion"). (*see* July Order 1-3)[8] On July 5, 2007, the Plan Administrator filed an objection to the Lift Stay Motion on the ground that Coe's claim no. 10835 and administrative expense request already had been disallowed and expunged by the Bankruptcy Court. (Bankr. Doc. No. 5507; *see* July Order at 2-3) On July 13, 2007, Coe filed a response [Bankr. Doc. No. 5559] to the Plan Administrator's objection to the Lift Stay Motion challenging the disallowance of her claim no. 10835 and alleging defects in service of pleadings (the "Coe Response"). (*see* July Order at 3) On July 16, 2007, the Plan Administrator filed a reply [Bankr. Doc. No. 5567] to Coe's Response to the Plan Administrator's objection to the Lift Stay Motion asserting that service of pleadings regarding Coe's various claims had been properly made on Coe. (*See* July Order at 3)

---

[6] Coe's motion was docketed on December 20, 2006, with a noted filing date of December 12, 2006.

[7] *See* 28 U.S.C. § 1930(b); Rule 1.7(a) of the Local Rules of the United States District Court for the Southern District of New York; Rule 5078-1 of the Local Bankruptcy Rules for the Southern District of New York.

[8] Coe's pleading was docketed on June 28, 2007, with a noted filing date of June 19, 2007.

At the request of Coe and with the agreement of the Plan Administrator, the Bankruptcy Court did not hold a hearing on the Lift Stay Motion and ruled on the Lift Stay Motion based on the papers submitted. (July Order at 3) On July 31, 2007, the Court entered the July Order [Bankr. Doc. No. 5634] denying the Lift Stay Motion as moot. (July Order at 1, 3; August Order at 1) In addition, as part of the July Order, the Bankruptcy Court interpreted the Lift Stay Motion to also be seeking reconsideration of the denial of her claims and denied Coe's request for reconsideration of the expungement of her claims. (July Order at 3-5) The Bankruptcy Court denied reconsideration of the Bankruptcy Court orders disallowing and expunging Coe's claim nos. 10835 and 12512. (*Id.*) The Bankruptcy Court found that Coe was timely served with each of the First Omnibus Objection, the Twelfth Omnibus Objection and the Administrative Claim Omnibus Objection at the addresses provided by Coe in her own proofs of claim, and held that Coe failed to rebut the presumption that she received each of the First Omnibus Object, the Twelfth Omnibus Objection and the Administrative Claim Omnibus Objection, other than notice of an address change to the Second Miami Address that was not timely provided to the Debtors. (*Id*. at 4-5)

On August 7, 2007, Coe filed what she styled as a "Motion to Quash Order Denying Michelle Y. Coe's Motion to Lift the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (1) and to Reconsider the Motion to Lift the Automatic Stay" [Bankr. Doc. No. 5680] (the "Reconsideration Motion"). (August Order at 1) On August 10, 2008, the Bankruptcy Court issued the August Order denying the Reconsideration Motion [Bankr. Doc. No. 5706] on the grounds that the Reconsideration Motion relies on allegations that were, and evidence within Coe's control that was or could have been, previously submitted to the Court before it entered the July Order. (August Order at 2) Coe filed a notice of appeal [Bankr. Doc. No. 5764] to the August Order denying amendment or reconsideration of the July Order denying her Lift Stay Motion.

On or about March 12, 2008, approximately seven months after filing her appeal, Coe

sent a letter to this Court requesting a conference regarding her appeal.[9]  On March 28, 2008, this Court entered an order setting a briefing schedule.  [S.D.N.Y. Doc. No. 4]  Despite the Court's March 28, 2008 order, Coe did not file her appellate brief.  On July 17, 2008, the Plan Administrator received electronic notice of this Court's entry of an order [S.D.N.Y. Doc. No. 5] denying Coe's request for a pre-hearing conference and setting an amended briefing schedule.  Thereafter, the Plan Administrator learned that on or about June 23, 2008, Coe had sent to this Court a second letter request for a pre-hearing conference [S.D.N.Y. Doc. No. 6], which letter Coe failed to serve on the Plan Administrator.[10]  On or about August 12, 2008, the Plan Administrator received electronic notice of the filing of Coe's appellant brief on or about August 11, 2008 [S.D.N.Y. Doc. No. 7],[11] which brief Coe also failed to serve on the Plan Administrator.

## STANDARD OF REVIEW

The standard of review of a bankruptcy court's denial of a motion under Bankruptcy Rules 9023 (applying Civil Procedure Rule 59) or 9024 (applying Civil Procedure Rule 60) is abuse of discretion.  *See*, *e.g.*, *Key Mech. Inc. v. BDC 56 LLC*, No. 01 Civ. 10173, 2002 WL 467664, at *2 (S.D.N.Y. Mar. 26, 2002), *aff'd*, 330 F.3d 111, 123 (2d Cir. 2003); *see also Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cr. 1986); *Montco, Inc. v. Barr* (*In re Emergency Beacon Corp.*), 666 F.2d 754, 758 (2d Cir. 1981); *Gey Assocs. Gen. P'ship v. 310 Assocs., L.P.*, No. 02 Civ. 0710, 2002 WL 31426344, at *2 (S.D.N.Y. Oct. 29, 2002); *Adiel v. Pharmacy Fund, Inc.*, No. 00 Civ. 6485, 2000 WL 1886596, at *4 (S.D.N.Y. Dec. 28, 2000).  "Abuse of discretion" has been defined as "(i) a decision 'rest[ing] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (ii) a decision that,

---

[9] A copy of the letter was not filed on this Court's docket.

[10] The return mail address on the envelope containing Coe's June 23, 2008 letter notes yet another new mailing address for Coe of "9745 SW 144th St., Miami, FL 33176."  Coe has not provided notice of a change of address.

[11] Coe's brief was docketed on August 12, 2008, with a noted filing date of August 11, 2008.

'though not necessarily the product of a legal error or a clearly erroneous factual finding[,] cannot be located within the range of permissible decisions.'" *Schwartz v. Aquatic Dev. Group, Inc.* (*In re Aquatic Dev. Group, Inc.*), 352 F.3d 671, 678 (2d Cir. 2003) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)); *Bogaerts v. PNL Asset Mgmt., L.P.* (*In re Litas Int'l, Inc.*), No. 04 Civ. 620, 2004 WL 1488114, at *3 (S.D.N.Y. Jun. 30, 2004) ("To find an abuse of discretion, the Court must be persuaded that the bankruptcy court 'acted in an arbitrary and irrational fashion' . . . .").

## ARGUMENT

**A.     The Bankruptcy Court Did Not Abuse Its Discretion In Denying the Reconsideration Motion Based On the Record Established.**

   **1.     Coe fails to demonstrate clear error, manifest injustice or newly discovered evidence to qualify for relief under Civil Procedure Rule 59.**

Reconsideration of an order under Civil Procedure Rule 59 "is merited when there has been a clear error or manifest injustice in an order of the court or if newly discovered evidence is unearthed." *Key Mech.*, 2002 WL 467664 at *3 (quoting *In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998)). The party seeking reconsideration has the burden of showing that "the court overlooked factual matters or controlling precedent that might have materially influenced its earlier decision. *Id.*. A motion to reconsider is not an opportunity for the moving party to argue issues that "could have been or should have been raised" prior to the underlying motion. *Id.* (citing *In re Bird*, 225 B.R. at 235).

Coe fails to demonstrate or even argue clear error or manifest injustice in the Bankruptcy Court's August Order. Coe fails to provide any newly discovered evidence, much less any record, to merit relief under Civil Procedure Rule 59. (*See* August Order at 2) The Bankruptcy Court found correctly held that Coe failed to rebut the presumption that she had received service of each of the First Omnibus Objection, Twelfth Omnibus Objection and Administrative Claim Omnibus Objection. (July Order at 3-5) At best, Coe reiterates arguments regarding the alleged validity of her claims (Coe Br. 3-4), which arguments and claims are not the subject of this

appeal and have been rejected by prior final and non-appealable orders of the Bankruptcy Court.

### 2. Coe fails to demonstrate extraordinary circumstances or undue hardship to qualify for relief under Civil Procedure Rule 60.

Relief under Civil Procedure Rule 60 is extraordinary and is invoked "only upon a showing of exceptional circumstances," *Adiel*, 2000 WL 1886596, at *3 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *In re Critical Care Support Servs.*, 236 B.R. 137, 142 (E.D.N.Y. 1999), or undue hardship, *Emergency Beacon*, 666 F.2d at 759; *In re Teligent, Inc.*, 306 B.R. 752, 758 (Bankr. S.D.N.Y. 2004). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling decisions that were presented to it on the underlying motion." *Adiel*, 2000 WL 1886596, at *3. Courts narrowly construe the standard for reconsideration under Civil Rule 60 "and apply it strictly against the moving party to 'dissuade repetitive arguments on issues that have already been considered fully by the court.'" *Adiel*, 2000 WL 1886596, at *3. (quoting *Bristol-Meyer Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, No. 96 Civ. 8833, 2000 WL 235273, at *1 (S.D.N.Y. Mar. 1, 2000)). A party moving under Civil Procedure Rule 60 cannot advance new facts, issues or arguments that were not previously presented to the court. *Adiel*, 2000 WL 1886596, at *3. The moving party must demonstrate one of the grounds enumerated under Civil Procedure Rule 60 and that the harm to the moving party outweighs the necessity for finality of an order. *See In re Spiegel, Inc.*, 354 B.R. 51, 54 (Bankr. S.D.N.Y. 2006).

Coe makes no showing of any exceptional circumstance or undue hardship to merit reconsideration of the August Order under Civil Procedure Rule 60. Further, Coe makes no showing that any of the ground enumerated under Civil Procedure Rule 60 apply. (*See* July Order 4; August Order 2) The Bankruptcy Court correctly concluded that Coe's allegations were based on "evidence within Coe's control that was or could have been -- previously submitted to the Court before it entered the July Order." (August Order 2) Coe failed to submit any evidence in support of her allegations. Accordingly, there is no basis under Civil Procedure Rule 60 to reconsider the August Order.

**B.     Coe's Challenge of Disallowance and Expungement of Her
        Claims and Denial of Her Lift Stay Motion Are Barred.**

Coe cannot raise challenges to the disallowance and expungement of her claims or the denial of her Lift Stay Motion in this Court. An appeal from the denial of a motion under Civil Procedure Rule 59 or 60 can only raise issues regarding the denial of the motion to amend or reconsider the underlying motion, not issues relating to the underlying judgment. *E.g.*, *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1147 (2d Cir.1994) (citing cases); *GRJH, Inc. v. McCarthy* (*In re CHAS, Inc.*), No. 1:07-CV-337, 2008 WL 305099, at *7 (N.D.N.Y. Jan. 31, 2008); *Adiel*, 2000 WL 1886596, at *4.

The Bankruptcy Court granted the Plan Administrator's First Omnibus Objection, Twelfth Omnibus Objection and Administrative Claim Omnibus Objection disallowing and expunging Coe's claim nos. 10835, and 12152, and Administrative Claim over one-year ago. (Bankr. Doc. Nos. 3723, 4937, 4938) Because Coe no longer had any claim against any of the Debtors' estates, the Bankruptcy Court denied Coe's Lift Stay Motion as moot. (July Order at 1-3) Further, pursuant to the July Order, the Bankruptcy Court held that Coe failed to rebut the presumption that she had received service of each of the First Omnibus Objection, Twelfth Omnibus Objection and Administrative Claim Omnibus Objection. (July Order at 3-5) Coe did not appeal the orders disallowing and expunging her claim nos. 10835 and 12152 and Administrative Claim, or the July Order, and the time to appeal those orders has long expired and are not the subject of this appeal of the August Order. Accordingly, the orders granting the First Omnibus Objection, the Twelfth Omnibus Objection and Administrative Claim Omnibus Objection, and the July Order have become final orders and Coe is precluded from seeking relief from those orders from this Court. *E.g.*, *Twins Roller Corp. v. Roxy Roller Ring Joint Venture*, 70 B.R. 308, 310 (S.D.N.Y. 1987) ("Failure to file timely a notice of appeal within the meaning of Bankruptcy Rule 8002 bars appellate review" and "deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.") (citations omitted); *see Katchen v. Landy*, 382 U.S. 323, 334 (1966) ("The normal rules of res judicata and collateral estoppel apply to the

decisions of bankruptcy courts. More specifically, a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined, and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim."); *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 366, 368 (2d Cir. 1995) (stating that the doctrine of *res judicata* holds that, following entry of a valid final judgment, "the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose," and that the doctrine of collateral estoppel "bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment") (internal quotation marks and citations omitted).

Further, any reargument of the underlying Lift Stay Motion is not properly before this Court. This is an appeal from the Bankruptcy Court's August Order denying Coe's request for reconsideration of the July Order and presents only issues regarding such denial; this is not an appeal of the Bankruptcy Court's underlying July Order denying Coe's Lift Stay Motion. Coe fails to advance any argument in her brief as to why, *given the disallowance of her claim by final order*, the Bankruptcy Court was not indisputably correct in its conclusion that the Lift Stay Motion had been rendered moot and, accordingly, that the request for reconsideration must be denied.

## CONCLUSION

For all the foregoing reasons, the Court should: (i) affirm the Bankruptcy Court's August Order in its entirety; and (ii) grant the Appellees such other and further relief as this Court deems just and proper.

Dated: September 8, 2008
    New York, New York

                                    Respectfully submitted,

                                    **BINGHAM McCUTCHEN LLP**


                                    By: s/ Steven Wilamowsky
                                        Steven Wilamowsky (SW 9266)
                                        Stephanie W. Mai (SM 0276)
                                        399 Park Avenue
                                        New York, New York 10022
                                        (212) 705-7000

                                    Counsel for RJM, LLC, the Plan Administrator
                                    of Appellees Refco Inc., et al.

# Addendum

## Referenced Statutes and Rules (in relevant part)

### Federal Rules of Bankruptcy Procedure

<u>Fed. R. Bankr. P. 9023</u>.  New Trials; Amendment of Judgments

Rule 59 F. R. Civ. P. applies in cases under the Code, except as provided in Rule 3008.

<u>Fed. R. Bankr. P. 9024</u>.  Relief from Judgment or Order

Rule 60 F. R. Civ. P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed be § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

### Federal Rules of Civil Procedure

<u>Fed. R. Civ. P. 59</u>.  New Trial; Altering or Amending a Judgment

(e) Motion to alter or Amend a Judgment.  A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

<u>Fed. R. Civ. P. 60</u>.  Relief from a Judgment or Order

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**28 U.S.C. § 1930(b)**

The Judicial conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial conference prescribes under section 1914(b) of this title.

**Rule 1.7(a) of the Local Rules of the United States**
**District Court for the Southern District of New York**

The clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the particular service is paid to the clerk in advance or the court orders otherwise.

**Rule 5078-1 of the Local Bankruptcy**
**Rules for Southern District of New York**

Unless the Court orders otherwise, the Clerk shall not be required to render any service for which a fee is prescribed by statute or the Judicial Conference of the United States unless the fee is paid in advance.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | § § § |
| Refco Inc., Debtor | § § No. 07 Civ. 10708 |
| Michelle Y. Coe, Appellant | § § § |
| v. | § § |
| RJM, LLC as Plan Administrator For Refco, Inc., Appellee | § § § § |

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) SS:
COUNTY OF NEW YORK )

      Patricia A. Wright, being duly sworn deposes and says:

1.    That deponent is not a party to this action, is over 18 years of age and is employed by the law firm of Bingham McCutchen LLP with a place of business located at 399 Park Avenue, New York, New York 10022.

2.    That on the 8th day of September, 2008, I caused to be served by Federal Express Overnight Delivery a true copy of the *Appellee Brief* upon Michelle Y. Coe at her last known addresses located at 9745 SW 144th Street, Miami, FL 33176 and 10911 SW 224th Lane, Miami, FL 33170.

                                                                                      _____
                                                                                      Patricia A. Wright

Sworn to before me this
8th day of September, 2008

_____
Notary Public

        TERESA M. BROWN
    Notary Public, State of New York
        No. 01BR4799240
    Qualified in Queens County
    Certificate in Queens County
  Commission Expires Oct. 31, 2009

A/72646172.1