UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/09

In re

REFCO INC., *et al.*

Debtors.

No. 07 Civ. 10708 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court is *pro se* Appellant Michelle Y. Coe's appeal from the August 10, 2007 Order of the Honorable Robert D. Drain, Bankruptcy Judge (the "August 2007 Order" (Bankr. Doc. No. 5706)), in which he denied Appellant's motion for reconsideration of his July 31, 2007 Order (the "July 2007 Order" (Bankr. Doc. No. 5634)).[1] The Court presumes the parties' familiarity with the procedural history of this action and the underlying bankruptcy proceedings, *In re Refco, Inc., et al.*, 05-60006 (RDD). For the reasons set forth below, the August 2007 Order is affirmed.

On December 12, 2006, Appellant filed a motion pursuant to 11 U.S.C. § 362(d)(1) for relief from the statutory bankruptcy stay, and permission to pursue claims against Debtors in the Florida state courts that she had commenced prior to the initiation of Refco's Chapter 11 proceedings. (Bankr. Doc. No. 4013.) Both Appellant and RJM, LLC, the Plan Administrator, consented to having the motion resolved without a hearing. (*See* July 2007 Order at 3.) Judge Drain denied the motion in the July 2007 Order, concluding that: (1) the motion to lift the bankruptcy stay was moot because the claims that Appellant sought permission to pursue had been expunged by previous orders (*id.* at 3); and (2) Appellant's attempt to seek reconsideration of the orders relating to the expungement of her claims was meritless because she had failed to

---

[1] "Bankr. Doc. No." refers to the document number of the cited document on the docket sheet in the underlying bankruptcy proceedings.

produce sufficient evidence to rebut the presumption that she had received notice of those proceedings. (*Id.* at 4-5.)

On August 7, 2007, Appellant filed a "Motion to Quash [the July 2007 Order] and to Reconsider the Motion to Lift the Automatic Stay and Grant the Motion for Relief From Automatic Stay." (Bankr. Doc. No. 5680.) On August 10, 2007, Judge Drain issued the August 2007 Order that is the subject of this appeal, denying relief pursuant to Rules 59(e) and 60. Specifically, Judge Drain ruled that Appellant's "[m]otion relie[d] upon . . . evidence within [Appellant's] control that was or could have been . . . previously submitted to the Court before it entered the July [2007] Order." (August 2007 Order at 2.)

In this appeal, Appellant challenges only Judge Drain's August 2007 Order, arguing that:

> The decision of whether Refco Inc. . . . had the legal right to sell the Appellant's Trade Secret during the bankruptcy also rests with this honorable Court. Appellant is entitled to Summary Judgment against Appellee for payment of the Trade Secret from the proceeds of its sale . . . .

(*See* Appellant's Brief at 4; *see also* Doc. Nos. 5, 12 (denying Appellant's requests for a hearing and summary judgment motion practice).) Thus, Appellant appears to ask this Court to revisit her December 12, 2006 motion to lift the bankruptcy stay, *and* to resolve the merits of her pre-petition state court lawsuit. In doing so, Appellant significantly misapprehends the scope of the Court's authority in the context of a bankruptcy appeal under 28 U.S.C. § 158(a)(1). *See In re Olsen*, No. 06 Civ. 4004 (RJS), 2008 WL 4298586, at *2 (S.D.N.Y. Sept. 19, 2008) (noting that, in a bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), "[t]he district court evaluates the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*"). Therefore, contrary to Appellant's assertion, this Court lacks the power to grant "Summary Judgment" in her favor.

Rather, "[w]here a party appeals a bankruptcy court's denial of a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure (or an order denying reconsideration of that denial), the bankruptcy court's decision is reviewed under the abuse of discretion standard." *Id.* (citing Fed. R. Bankr. P. 9024 and *In re Teligent, Inc.*, 326 B.R. 219, 224 (S.D.N.Y. 2005)). Relief from the district court is appropriate only when the bankruptcy court's decision either "(i) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding," or (ii) "though not necessarily the product of legal error or clearly erroneous factual finding[,] cannot be located within the range of permissible decisions." *In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 678 (2d Cir. 2003) (internal quotation omitted). Simply put, Appellant's brief affords no basis for the Court to conclude that Judge Drain committed such an error or abused his direction in the August 2007 Order. Moreover, Appellant failed to file timely appeals of the December 6, 2006 and April 12, 2007 orders disallowing and expunging her claims. (*See* Bankr. Doc. Nos. 3723, 4937, 4938.) Consequently, the Court lacks jurisdiction to consider her challenges to those orders. *See, e.g., In re The Bennett Funding Group, Inc.*, 439 F.3d 155, 159-60 (2d Cir. 2006); *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 310 (S.D.N.Y. 1987). Accordingly, the bankruptcy appeal is denied, and the August 2007 Order is affirmed. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   July 29, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Order have been mailed to:

Michelle Y. Coe
10911 SW 224th Lane
Miami, Florida 33170

Michelle Y. Coe
530 Golf Lane
Indianapolis, Indiana 46260

Steven Wilamowsky
399 Park Avenue
New York, New York 10022-4689

4